DAVID LOPEZ, ESQ.  DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:          631.287.5520
Fax:         631.283.4735
e-Mail:    DavidLopezEsq@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH DONOGHUE,

    Plaintiff,

- against -

YOU ON DEMAND HOLDINGS, INC.,

    Nominal Defendant,

-and –

SHANE McMAHON,

    Defendant.

COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 USC 78p(b)

Jury Trial Demanded

---

**DEBORAH DONOGHUE**, by David Lopez, Esq., her attorney, complaining of the defendants, respectfully alleges the following upon information and belief, except as to paragraph 2 which plaintiff alleges on personal knowledge.

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b),

1

and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**THE PARTIES AND VENUE:**

2. Plaintiff is a security owner of YOU ON DEMAND HOLDINGS, INC. ("YOU ON DEMAND"), a Nevada Corporation with principal offices at 375 Greenwich Street, Suite 516, New York, New York 10013.

3. At all times relevant the common stock of YOU ON DEMAND was registered under Section 12(g) of the Act and was and is traded on the NASDAQ Capital Markets Exchange located within this district. One or more of the purchases or sales to be described took place upon such exchange.

4. YOU ON DEMAND does business and is resident in and is found within the State of New York and within the district.

5. This action is brought in the right and for the benefit of YOU ON DEMAND which is named as a party defendant solely in order to have all necessary parties before the court.

6. At all times relevant SHANE McMAHON ("McMAHON") was an insider of YOU ON DEMAND, to wit: an officer, director and a more-than-10% beneficial owner of a class of equity security and thereby a fiduciary.

7. McMAHON maintains a principal place of business or is found at 375 Greenwich Street, Suite 516, New York, New York 10013.

**STATUTORY REQUISITES:**

8. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

9. Demand for prosecution was made on YOU ON DEMAND on September 23, 2015.

10. By letter dated October 16, 2015, counsel to YOU ON DEMAND, acting on its behalf, denied that a violation had taken place.

11. Nearly six months have expired since demand. Further delay in the filing of suit would be a futile gesture.

12. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

16. McMAHON disposed for value of 7,000,000 shares of the Series A Preferred Stock of YOU ON DEMAND on January 31, 2014. Such shares were convertible at the time of disposition into 933,333 shares of the common stock of YOU ON DEMAND.

17. Such disposition for value is a deemed sale under the rules applicable to derivative securities of the shares of common stock underlying the convertible preferred shares.

18. McMAHON, through the Shane B. McMahon Trust, purchased 24,600 shares of the common stock of YOU ON DEMAND on May 22, 2015, within six months of the deemed sales aforesaid.

19. The foregoing purchases and sales may be matched against one another using the "lowest-in, highest-out" method to produce profits recoverable from McMAHON. The amounts of such profits are unknown to Plaintiff but are estimated to approximate $17,700.00.

20. Such profits are recoverable on behalf YOU ON DEMAND by Plaintiff as a shareholder of YOU ON DEMAND, the latter having refused to recover in its own right and for its own benefit.

**SECOND CLAIM FOR RELIEF:**

21. This Second Claim For Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

22. McMAHON, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of YOU ON DEMAND, including but not limited to those described in the FIRST CLAIM FOR

RELIEF, within periods of less than six months of each other while an insider and thereby a fiduciary of YOU ON DEMAND.

23. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider and fiduciary of YOU ON DEMAND, SHANE McMAHON realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of YOU ON DEMAND.

**WHEREFORE**, Plaintff demands judgment:

a) Requiring SHANE McMAHON to account for and to pay over to YOU ON DEMAND the short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated: Southampton, New York
March 14, 2016

Yours, etc.

_David Lopez, Esq._

5