

April 15, 2016

Peter N. Flocos
peter.flocos@klgates.com

T +1 212 536 4025
F +1 212 536 3901

**By ECF and Email**

Hon. Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:** *Donoghue v. YOU On Demand Holdings, Inc.*, 16-cv-1877

Dear Judge Carter:

On behalf of our clients, YOU On Demand Holdings, Inc., a Nevada company ("You On Demand" or the "Company"), and Shane McMahon (collectively "Defendants"), we write, in accordance with the Court's rules, to request a pre-motion conference to obtain leave to file a motion to dismiss the Complaint. The plaintiff, Deborah Donoghue ("Plaintiff"), has failed to state a claim upon which relief can be granted under Section 16(b) of the Securities Exchange Act of 1934 ("Section 16(b)") and failed to fulfill the pleading requirements of a derivative action set forth in Fed. R. Civ. P. 23.1.

<u>**Summary of Facts**</u>

Plaintiff attempts to manufacture a Section 16(b) claim using a Company approved, stock-for-stock exchange devoid of any opportunity for speculation or individual profit. This concoction fails on the face of the allegations in the Complaint, the documents referenced therein, and "legally required public disclosure documents filed with the SEC."[1]

On January 31, 2014, Mr. McMahon—a Company director, officer, and shareholder—completed an exchange of preferred stock with non-party C Media Limited ("C Media"). In that exchange, Mr. McMahon gave C Media a number of his "Series A Preferred" You On Demand shares in exchange for a number of "Series E Preferred" You On Demand shares held by C Media (the "January Exchange"). The exchange took place pursuant to an "Exchange Agreement" entered into by and among the Company, Mr. McMahon, and C Media to induce C Media and others to complete a substantial investment in the Company. Both the Series A Preferred shares, and the Series E Preferred shares, that were exchanged were each convertible to

---

[1]     *Tongue v. Sanofi*, No. 15-588-CV, 2016 WL 851797, at *6 (2d Cir. Mar. 4, 2016) (publication pending) (on motion to dismiss, court can consider SEC filings and documents known to and relied on by plaintiff).

the same number of You On Demand common shares—namely, 933,333 common shares, although no actual conversion is alleged.

Subsequently, on May 22, 2014, the Shane B. McMahon Trust purchased 24,600 common shares of You On Demand (the "May Transaction").

On September 23, 2015, David Lopez—counsel for Plaintiff—sent a letter to the You On Demand Board. By this letter, Mr. Lopez claimed the January Exchange and May Transaction constituted a sale and purchase of You On Demand common shares in violation of Section 16(b). In response, my law firm wrote on behalf of Mr. McMahon to Mr. Lopez on October 16, 2015 to clarify his misperception of the January Exchange. That letter explained that the January Exchange was an exchange of preferred shares of exactly equivalent value in shares of common stock, that no other value was exchanged, and that Mr. McMahon in no way profited from the transaction. In other words, it was communicated that there was no sale upon which to enforce Section 16(b).

Rather than accept our explanation of the matter, Plaintiff filed this action on March 4, 2016. In her Complaint, Plaintiff alleges that Mr. McMahon "disposed for value" 7,000,000 shares of Series A Preferred Stock of You On Demand on January 31, 2014 and subsequently purchased 24,600 shares of You On Demand common shares on May 22, 2015,[2] in violation of Section 16(b).

## Summary of Arguments

Defendants will move to dismiss on the following grounds:

*First*, the January Exchange does not constitute a "sale" for Section 16(b) purposes. Under the doctrine of "economic equivalence," a stock-for-stock exchange is not a "sale" for the purposes of Section 16(b) if (1) the securities exchanged are economically equivalent as defined in the case law, and (2) the insider's investment position in the issuer is unchanged by the transaction. *Hayes v. Sampson*, No. 79 CIV. 3754, 1980 WL 1460, at *4 (S.D.N.Y. Nov. 18, 1980); *see also Blau v. Lamb*, 363 F.2d 507, 522 (2d Cir. 1966). Characteristics of the securities such as differences in voting power, greater dividends, marketability, etc., are generally irrelevant for purposes of this analysis; rather, the value measured for equivalence is reflected in the ability of the "Preferred [to be] immediately convertible into [] Common." *Lamb*, 363 F.2d at 522. Similarly, an insider's unchanged investment position is manifest when the insider does not increase or decrease his investment in the underlying security, but "simply [exchanges] different forms of the same participation." *Id.* at 523. The January Exchange satisfies both requirements: it was a stock-for-stock exchange of preferred shares, each set convertible to 933,333 common shares, which did not alter Mr. McMahon's investment position as owner of You On Demand preferred shares convertible to 933,333 common shares.

---

[2]     Plaintiff's claim would fail based on the May 22, 2015 date pleaded in the Complaint, because that date is outside of the six-month window applicable under Section 16(b). This letter will assume for the sake of argument that the May 22, 2015 date is a typographical error and that Plaintiff intended to plead May 22, 2014 instead.

*Second*, even assuming for the sake of argument that the January Exchange is a "sale," Plaintiff has failed to allege a sale and purchase that can be paired for Section 16(b) purposes. An action under Section 16(b) requires proof that a "beneficial owner, director, or officer" of a security issuer profited from "any sale and purchase [] of *any equity security* of such issuer" within a six-month period. 15 U.S.C. § 78p(b) (emphasis added); *see also Donoghue v. Patterson Cos.*, 990 F. Supp. 2d 421, 422 (S.D.N.Y. 2013). The Second Circuit has expressly held that "Congress's use of the singular term 'any equity security' supports an inference that transactions involving *different* equity securities cannot be paired under § 16(b)." *Gibbons v. Malone*, 703 F.3d 595, 600 (2d Cir. 2013) (sale of preferred "Series C" stock could not be matched with purchase of preferred "Series A" stock). Although *Gibbons* involved non-convertible preferred shares, the court's interpretation of the statute's plain language applies equally to this case. Plaintiff has alleged that Mr. McMahon "disposed for value" Series A *Preferred* shares via an exchange for Series E Preferred Shares, and subsequently purchased *common* shares. As these are *different* equity securities under *Gibbons*, they cannot be paired for purposes of a Section 16(b) action, particular given that no conversion of the preferred stock into common shares is alleged.

*Third*, even assuming for the sake of argument that the January Exchange is a "sale," it is exempt under SEC regulations. By regulation, "[a] transaction . . . that effects only a change in the form of beneficial ownership without changing a person's pecuniary interest in the subject equity securities shall be exempt from section 16 of the Act." 17 C.F.R. § 240.16a-13. The January Exchange was such a transaction: it involved a trade of different *types* of preferred Company shares—*i.e.*, different types of ownership—throughout which each party maintained a right to convert into 933,333 You On Demand common shares. While the form of Mr. McMahon's beneficial ownership changed—namely, from Preferred A shares to Preferred E shares—his underlying right to 933,333 You On Demand common shares remained the same.

*Fourth*, Plaintiff has not satisfied the pleading requirements of a derivative action. A district court properly dismisses a Section 16(b) complaint that fails to "plead with particularity that the board's refusal of [plaintiff's Section 16(b)] demand was wrongful." *Levner v. Prince Alwaleed*, 61 F.3d 8, 8-9 (2d Cir. 1995); *see also* Fed. R. Civ. P. 23.1(b)(3). Although some courts have questioned whether the pleading requirements Rule 23.1 apply to Section 16(b) actions, the Second Circuit has not revisited its affirmance in *Levner*. Thus, consistent with derivative suit pleading principles, to properly bring a Section 16(b) action where demand was made on the board, plaintiff "must plead facts supporting a plausible inference that the board's decision not to take action was a result of gross negligence." *Espinoza ex rel. JPMorgan Chase & Co. v. Dimon*, 807 F.3d 502, 506 (2d Cir. 2015) (applying Delaware law); *cf. Shoen v. SAC Holding Corp.*, 137 P.3d 1171, 1179-81 (Nev. 2006) (looking to Delaware law for pleading standard on derivative demand requirement). Here, Plaintiff sent the Company's Board a demand letter on September 23, 2015; however, Plaintiff simply alleges in the Complaint that You On Demand "denied that a violation had taken place." Compl. ¶ 10. This bare allegation does not speak to, and the Complaint does not address, how or why the Board's decision not to take action was the result of gross negligence. Therefore, the Complaint is facially insufficient.[3]

---

[3]     Similarly, Plaintiff utterly fails to "allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack" as required by Rule 23.1(b)(2).

April 15, 2016

Based on the foregoing, Defendants request leave to move to dismiss the case in its entirety with prejudice. If the Court denies Defendant's request for leave to move to dismiss the case, then we respectfully request that the Court grant the Defendant ten days from the time of the Court's denial to answer the Complaint.

Best regards,

Peter N. Flocos

cc:    David Lopez, Esq. (by ECF and Email)

April 15, 2016