# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

April 20, 2016

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

Hon. Andrew L. Carter
Judge of the United States District Court
for the Sourthern District of New York
40 Foley Square
New York, New York 10007

Re:   *Donoghue v. YOU On Demand Holdings, Inc.*, **16 Civil 1877 (ALC)**
      **Plaintiff's Response To Defense Request For Pre-Motion Conference**

Your Honor:

I am one of plaintiff's counsel in the above-captioned matter and I write in response to the defense's request for a pre-motion conference prior to its moving to dismiss in lieu of answering. I suggest that a motion to dismiss might be an economical way to have the defense familiarize itself with applicable law.

I also request that the agenda for the pre-motion conference be expanded to include plaintiff's motion to disqualify defense counsel from appearing, as he announces in the first paragraph of his letter of April 15 to Your Honor, for both the issuer, which is the intended beneficiary of this action, and for the insider who is its intended target. The conflict of interest created by this announced dual representation is irreconcilable.

## Facts

Shorn of its tendentiousness plaintiff accepts the recitation of facts presented by the defense with the following exceptions:

   1.   Plaintiff is applying the law as it exists. Neither she nor her attorneys are "manufacturing" a Section 16(b) claim. The defendant and his advisors have done that.

   2,   The presence or absence of a possibility for speculative abuse is a fact-laden issue wholly inappropriate to be taken up on a motion for dismissal where all well-pleaded factual averments must be taken as true for purposes of the motion.

   3.   The putative "sale" was a volitional act by the insider involving the exchange of one series of convertible preferred stock for a distinctly different series of convertible preferred stock involving a third-party counterparty and an Exchange

DAVID LOPEZ

Hon. Andrew L. Carter
April 20, 2016
Page 2

Agreement whose terms were influenced and negotiated by the insider through his status as officer, director, 10% beneficial owner and seller.

## Summary of Counterarguments

*First: Doctrine of Economic Equivalence.* In *Blau v. Lamb,* a 1966 Second Circuit case whose citation appears in the defendants' letter, the appellate court held that where a conversion or reclassification results in a merely different form of the same participation in an issuer there has been no purchase or sale. We are not dealing with a conversion or reclassification. We are dealing with an arms-length exchange of different securities with the same number of common shares underlying a conversion feature.

In 1991 the Securities & Exchange Commission promulgated rule changes which completely revamped and rationalized the scheme for treatment of derivative securities. The so-called "doctrine of economic equivalence" likely no longer exists with respect to derivative securities. Rather, the standard is now whether a material change in the terms of a security has taken place. For example, if a warrant is outstanding for X number of shares maturing on Y date with a strike price of Z and either Y or Z is changed in a material way (a question of fact) but the number of shares underlying the warrant remains the same the change to Y or Z, if material, represents a cancellation of the old warrant, the issuance of a new warrant, the deemed sale of the shares underlying the old warrant and the deemed purchase of the shares underlying the new warrant.

The defense relies upon an understanding of the law that is 25 years out of date and likely inapplicable even in 1966 because we are not dealing with a conversion. We are dealing with a sale in which the purchase currency was a derivative security referencing the same number of underlying shares as the security sold.

*Second: Different Securities Sold and Purchased.* The defense needs to familiarize itself with the 1991 rule changes. The acquisition or disposition of a derivative security, for the past 25 years, has been deemed the purchase or sale of the underlying shares at the time of acquisition of disposition without further action. Again, the defense' understanding of the law is 25 years out of date.

*Third: Mere Change In Form Of Ownership.* The sale of one kind of derivative security and the purchase of another covering the same number of underlying shares is not a mere change in the form of beneficial ownership. Rule 16a-13 controls and it requires that the

DAVID LOPEZ

Hon. Andrew L. Carter
April 20, 2016
Page 3

change in form of beneficial ownership be to the "subject security". One series of preferred was divested; another was acquired. There is no continuity of ownership of the same security, direct to indirect or otherwise.

*Fourth: Plaintiff Has Not Satisfied The Pleading Requirement of F.R.C.P. Rule 23.1.* Plaintiff has not complied with F.R.C.P. Rule 23.1 for the simple reason that the rule is not applicable to a suit brought under Section 16(b). *Blau v. Mission*, 212 F.2d 77, 79 (2d Cir. 1954) (rejecting contemporaneous ownership requirement); *Gollust v. Mendell*, 501 U.S. 115, 123 (1991) (rejecting requirement that plaintiff be shareholder ("Any security will suffice ...."); *XO Communications*, 330 B.R. at 428 n.24 ("[W]hile certain cases refer to a Section 16(b) suit as a derivative suit, any case that has analyzed the issue has concluded that a Section 16(b) case is not a "derivative action".) (Quoting Arnold S Jacobs, Section 16 of the Securities Exchange Act, Sec. 3:35 at 3-290 (West July 2003).

If it remains the wish of the defense to have a pre-motion conference I respectfully inquire of the court whether I might participate by telephone. However brief the conference, with travel it will consume a full day of my time and as this presentation I think demonstrates, the proposed motion is at best an attempt -- to use terminology introduced by defense counsel -- to "concoct" a defense with little regard to its frivolity or to the waste of the time of others, most prominently the court's.

Respectfully,

David Lopez

cc: All Counsel Via ECF