K&L GATES

April 25, 2016

Peter N. Flocos
peter.flocos@klgates.com

T +1 212 536 4025
F +1 212 536 3901

**By ECF and Email**

Hon. Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  *Donoghue v. McMahon*, 16-cv-1877

Dear Judge Carter:

    On behalf of our clients, YOU On Demand Holdings, Inc. ("You On Demand" or the "Company"), and Shane McMahon (collectively "Defendants"), we write in response to Plaintiff's April 20, 2016 letter request that "the agenda for the pre-motion conference be expanded to include plaintiff's motion to disqualify defense counsel from appearing" on behalf of You On Demand. As the Court will recall from the parties' prior letters, Plaintiff brings this action derivatively on behalf of You On Demand under Section 16(b) of the Securities Exchange Act of 1934, seeking disgorgement of $17,700 allegedly earned by Mr. McMahon through a purported sale and purchase of You On Demand securities in the first half of 2014.

    Plaintiff's inflammatory and gratuitous request for disqualification, like the rest of Plaintiff's April 20 letter, is long on pompous and condescending rhetoric but short on specific legal citation. In fact, Plaintiff offers no legal citation whatsoever in support of its extraordinary disqualification request. Plaintiff's request should be rejected out of hand; indeed, motion practice regarding disqualification would be a waste of the Court's time and resources.

    "Disqualification of a party's chosen counsel is a 'drastic measure.'" *First Interregional Advisors Corp. v. Wolff*, 956 F. Supp. 480, 489 (S.D.N.Y. 1997). The Second Circuit disfavors such motions as "(1) they interfere with a party's ability to select its own counsel, (2) are often invoked for tactical reasons, and (3) almost invariably cause delays." *Obeid ex rel. Gemini Real Estate Advisors v. La Mack*, No. 14 CV 6498 LTS MHD, 2015 WL 7180735, at *1 (S.D.N.Y. Nov. 9, 2015); *see Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978); *Board of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). A "party seeking disqualification must meet a 'heavy burden of proof in order to prevail,'" *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 419 (S.D.N.Y. 2015) (quoting *Gormin v. Hubregsen*, 2009 WL 508269, at *2 (S.D.N.Y. Feb. 27, 2009)); indeed, "[d]isqualification is only warranted in the rare circumstance where an attorney's conduct 'poses a significant risk of trial taint.'" *Decker v. Nagel Rice LLC*, 716 F. Supp. 2d 228, 231 (S.D.N.Y. 2010) (quoting *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981)).

Plaintiff could not even meet a light burden, much less the applicable heavy burden, of showing grounds for disqualification here. In a recent case, the New York Appellate Division, First Department, held squarely that a single law firm may represent *both* the nominal defendant *and* the other defendants in a derivative action, at least where no counterclaims or cross-claims have been asserted. As noted by the Appellate Division, the nominal defendant "is a passive litigant," and the law firm's "appearance on its behalf is merely nominal." *Stilwell Value Partners IV, L.P. v. Cavanaugh*, 123 A.D.3d 641, 641-42, 999 N.Y.S.2d 418, 419 (App. Div., 1st Dep't 2014). A derivative plaintiff's bare allegations are insufficient to create a disqualifying conflict between defendant and nominal defendant. *Obeid*, 2015 WL 7180735, at *2. "Most derivative actions are a normal incident of an organization's affairs, to be defended by the organization's lawyer like any other suit." N.Y. Rules of Prof. Conduct 1.13 cmt. 14.

Here, of course, as in *Stilwell*, no counterclaims or cross-claims have been asserted, nor has any claim been asserted by the Plaintiff against You On Demand, which has been named by Plaintiff simply as a nominal defendant. And the Plaintiff, Ms. Donoghue, represented by Plaintiff's counsel, is the party asserting a derivative claim on behalf of You On Demand, not defense counsel.

Based on the foregoing, Defendants request that Plaintiff be denied leave to move to disqualify defense counsel. Even if the Court were to consider allowing Plaintiff to make such a motion, at an absolute minimum, such a motion could only be made and adjudicated after the motion to dismiss is adjudicated and, as need be, an answer and defenses filed.

                                                                                      Best regards,

                                                                                      Peter N. Flocos

cc:     David Lopez, Esq. (by ECF and Email)